**FILED**

OCT 1 5 2009

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-56255 |
| Frank Bertuccio, | Chapter 13 |
| Debtor. | |
| Frank Bertuccio, | Adversary No. 04-5524 |
| Plaintiff, | |
| vs. | |
| California State Contractors License Board, et al., | |
| Defendants. | |

<u>DECISION ON AWARD OF DEBTOR'S ATTORNEYS' FEES AND COSTS</u>

On December 31, 2009, the Court issued a Decision in Part on Debtor's Action for Damages for Violation of the Automatic Stay (the "Partial Decision"). In the Partial Decision, the Court found as follows:

> Defendants, collectively, violated the automatic stay by failing to reinstate timely the Debtor's contractor's license upon receiving actual notice of his bankruptcy filing and request for reinstatement. However, the Debtor has failed to prove any actual damages arising from the operation of his business, and, therefore, shall not be

DECISION ON AWARD OF DEBTOR'S
ATTORNEYS' FEES AND COSTS

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

awarded any damages on that basis.  The Court also denies the Debtor's request for punitive damages.

Partial Decision at 45:12-18.

The one issue the Court expressly did not reach in the Partial Decision was whether Debtor should be awarded his attorneys' fees and costs as actual damages under Bankruptcy Code § 362(h).[1]  The Partial Decision notes:

> The problem with the Debtor's arguments in favor of an award of attorneys' fees and costs in this case is that no evidence has been submitted by the Debtor on this issue.  Without such evidence, it is impossible for the Defendants or the Court to determine "(1) what expenses or costs resulted from the violation and (2) what portion of those costs was reasonable, as opposed to the costs that could have been mitigated.'" [In re Roman, 283 B.R. 1, 12 (9th Cir. BAP 2002)] (citations omitted).  For this reason, to the extent that the Debtor still wishes the Court to consider an award of his attorneys' fees and costs, the Debtor's counsel is hereby directed to file with the Court, and serve on the Defendants a declaration containing a detailed accounting of her fees and costs.

> A further potential complication for the Court's consideration of whether attorneys' fees and costs should be awarded is the issue of whether the equities would preclude an award of attorneys' fees in this case.  The Court did not need to reach the question of the equities or "unclean hands" with respect to the Debtor's claim for actual damages arising from his business operations [because Debtor had not met the threshold showing of any damages to such business operations].  However, such an inquiry, may or may not be relevant with respect to the potential award of the Debtor's attorneys' fees and costs.  If the equities were to preclude the Debtor from recovering damages, does that necessarily preclude an award of attorneys' fees under 362(h)?  Even if the Debtor ultimately failed to prove any actual damages to his business operations, the Debtor still wanted his contractor's license reinstated.  Therefore, the adversary proceeding was nonetheless necessary under the circumstances.  There is no evidence that Debtor's counsel

---

[1] Unless otherwise provided, all references to code sections shall mean the Bankruptcy Code, codified in Title 11 of the United States Code, 11 U.S.C. § 101, et seq., including all amendments thereto, as applicable at the time this Adversary Proceeding was filed on November 1, 2004.

1   knew or should have known about the alleged "bad acts"
    which ultimately led to the revocation of the Debtor's
2   contractor's license.  Therefore, is it even appropriate
    for the Court to consider the "bad acts" and the underlying
3   license issues in determining the reasonableness of the
    attorneys' fees and costs incurred, and whether those fees
4   and costs could have been mitigated?  On the other hand,
    the Debtor acknowledged under cross-examination at trial
5   that he chose not to answer truthfully on the question
    regarding his criminal history on his application for a
6   contractor's license.  Trial Transcript, Vol. II, at 59:7-
    64:12.  *Must* the Court consider such factors since an award
7   of attorneys' fees and costs is still an award to the
    Debtor, even if indirectly?
8
    The parties must be given a full opportunity to
9   address these issues, and any other they may wish to raise
    after reviewing the Debtor's attorneys' fees and costs.
10  For this reason, the Court cannot rule on the issue of
    attorneys' fees and costs at this time.
11

12  Partial Decision at 43:14 - 44:27.

13      Debtor is represented by Cathleen Cooper Moran, Esq. of the

14  Moran Law Group.  Defendants California State Contractor's License

15  Board (the "CSLB") and Stephen B. Sands, Registrar of the CSLB,

16  (hereinafter, collectively, the "CSLB" unless otherwise specified)

17  are represented by Maretta D. Ward, Esq., Deputy Attorney General

18  for the State of California.  Defendants the California State

19  Employment Development Department (the "EDD") and Sally McKeag,

20  Chief Deputy Director of the EDD, (hereinafter, collectively, the

21  "EDD" unless otherwise specified) are represented by Marguerite C.

22  Stricklin, Esq., Deputy Attorney General for the State of

23  California.

24      This memorandum decision constitutes the Court's findings of

25  fact and conclusions of law, pursuant to Rule 7052 of the Federal

26  Rules of Bankruptcy Procedure ("Bankruptcy Rules").

27  \\\

28  \\\

DECISION ON AWARD OF DEBTOR'S
ATTORNEYS' FEES AND COSTS

3

The parties have now fully briefed Debtor's request for an award of attorneys' fees and costs. The remaining issues to be decided by the Court are as follows:

1. Whether, as the CSLB requests, Attorney Cathleen Cooper Moran should be sanctioned for prosecuting an action on an illegal contract and "participating in bankruptcy fraud";

2. Whether Debtor can recover attorneys' fees and costs under Bankruptcy Code § 362(h) in the absence of other "actual damages";

3. Whether the fees and costs sought by Debtor were reasonable and necessary, or whether, and to what extent, such expenses could have been mitigated;

4. Whether, if awarded, attorneys' fees should be reduced to a rate of $125 per hour, in accordance with 28 U.S.C. § 2414(d)(2)(A) which is incorporated by Bankruptcy Code § 106(a)(3);

5. Whether, as alleged by Defendants, an award of attorneys' fees and costs is precluded because such fees and costs were not actually incurred by Debtor;

6. The effect of Sternberg v. Johnston, -- F.3d --, 2009 WL 3128056 (9th Cir. Oct. 1, 2009), on any possible attorneys' fees award in this case;

7. Whether Debtor acted with "unclean hands" in his relations with Defendants and whether such "unclean hands" precludes an award of attorneys' fees and costs on an equitable basis; and

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

DECISION ON AWARD OF DEBTOR'S ATTORNEYS' FEES AND COSTS

4

8.  How an award of attorneys' fees and costs, if any, should be allocated among the Defendants.[2]

## II.

### EVIDENCE PRESENTED

The only further evidence submitted by the parties is the Declaration of Cathleen Cooper Moran in Support of Award of Attorneys Fees (the "Moran Declaration").[3]  Attached as Exhibits A-D to the Moran Declaration are counsels' time entries for September 2004 through February 25, 2009.  The Moran Declaration states as following:

The Moran Law Firm was retained as Debtor's Chapter 13 counsel on September 15, 2004.  Moran Declaration at 2:4-6.  Prior to filing the Adversary Proceeding, counsel attempted by phone and fax to contact and convince the CSLB and the EDD that the filing of the bankruptcy case required the reinstatement of Debtor's Contractor's License.  Id. at 2:12-15.  After three weeks of trying, counsel filed this Adversary Proceeding along with the motion for a temporary restraining order.  Id. at 2:15-17.

The CSLB resisted producing documents to the point that Debtor's counsel began preparing a motion to compel.  Id. at 3:7-8.

---

[2] Debtor's pleadings also raise one additional issue: "Can the court award attorneys fees against a state agency?"  Memorandum of Points & Authorities in Support of Award of Attorneys Fees at 2:2. However, the Court has already addressed this issue in the Partial Decision and none of the Defendants contests the Court's ability to enter such an award in this case.

[3] The EDD includes two attachments with its opposition.  There is no declaration under penalty of perjury authenticating these attachments or otherwise making them admissible as evidence.

After counsel inquired as to a mutually convenient date for such a motion to be heard, the requested documents were produced by the CSLB. Id. at 3:8-9.

Over the course of this case, counsel appeared in San Jose at four hearings; prepared for seven telephonic case management conferences; took two depositions; defended Debtor's deposition and conducted a two-day trial. Id. at 4:23-25. The depositions taken by Attorney Moran were of a representative of the CSLB and a representative of the EDD. Id. at 3:10-12. The attorneys' fees sought are broken down as follows:

| Description | Total Fees |
| --- | --- |
| Commencement of bankruptcy to hearing on TRO | $4,084.75 |
| Through first hearing on motion for damages | $4,377.25 |
| Efforts at early resolution by motion | $3,671.25 |
| Discovery | $6,646.50 |
| Trial preparation | $3,731.00 |
| Trial | $3,643.75 |
| Post trial briefing | $2,585.00 |
| Hearing on possible holdings through partial decision (9/08) | $453.75 |
| Motion to compel (discovery) | $495.00 |
| Submission of attorneys' fees | $2,573.50 |
| | **$32,261.75** |

Id. at 4:11-22. The total hours worked is 131.80, for a blended rate of $244.78/hour. Id. at Exhibit A. Attorney Moran billed 105.70 hours; Attorney Renee Mendoza billed 12.50 hours; the balance of 13.6 hours is divided between 3 paralegals. Id. Paralegal resumes are attached as Exhibit F to the Moran

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Declaration. Although included in the hours total, some fees were discounted or written-off entirely -- one paralegal's 1.75 hours were totally written-off for example. Id. at Exhibit A. Fees associated with the submission of the pleadings related to attorneys' fees and costs represents roughly 8% of total fees.

The expenses sought by Debtor are as follows:

| Description | Total |
| --- | --- |
| PACER electronic docket | 29.60 |
| Photocopies (1092 copies @ $0.20/page) | 218.40 |
| Postage | 25.40 |
| Tolls for depositions | 3.00 |
| Incoming faxes (14 pages @ $0.20/page) | 2.80 |
| Telephone charges | 0.53 |
| BART - deposition | 20.00 |
| UPS Mailing | 27.56 |
| Court conference call | 25.00 |
| Lexis research | 731.51 |
| Mileage - trial (2 days) | 36.36 |
| Parking - trial (2 days) | 30.00 |
| CD of 9/3/08 hearing | 26.00 |
| Transcript expenses | 1,121.90 |
| | **$2,298.06** |

Moran Declaration, Exhibits B, C, D and E. Of the $2,298.06 in total costs incurred by Debtor's counsel, counsel has been reimbursed for $1,121.90 (the exact subtotal for transcript expenses). Id. at 5:5-6. While the Moran Declaration does not specify who "reimbursed" counsel for the transcript expenses, a separate bill for this amount, dated February 25, 2009 and addressed to Debtor, is included in Exhibit D.

DECISION ON AWARD OF DEBTOR'S
ATTORNEYS' FEES AND COSTS

7

III.

ANALYSIS

A.   Sanctions Against Attorney Moran

In light of the serious nature of the allegations, the Court will first address the request for sanctions against Ms. Moran. The Opposition to Motion for Attorney's Fees filed by the CSLB ("CSLB's Opposition") states:

> Because this action was filed on two illegal contracts and because there was no bankruptcy stay in effect at the time CSLB suspended debtor's license it appears that Ms. Moran was not acting in good faith when she filed this case . . ..

CSLB's Opposition at 15:5-7.   Debtor's response to this argument has been that the contracts at issue were not the basis of the lawsuit, rather they were submitted by Debtor as evidence of the damages he sustained as a result of the actions of the CSLB and the EDD.   The Court found this evidence did not warrant much weight for Debtor's proffered purpose, but that does not negate the fact that the lawsuit was not primarily about these contracts, it was about the Defendants' refusal to reinstate Debtor's contractor's license post-petition for roughly three weeks despite repeated requests.

Both the CSLB and the EDD seem to have entirely missed this point -- the Partial Decision found Defendants had, in fact, violated the automatic stay.   Completely ignoring this finding, the CSLB continues to argue that Debtor's claims were "inappropriate" from the outset.   CSLB's Opposition states:

> Here, a simple analysis of her client's suspended license and the date on the contracts as well as the subsequent timing of bankruptcy clearly indicate this case was filed with a lack of forethought. . . . This is not a legitimate dispute between to [sic] reasonable parties who have thoughtfully sought guidance from the Court.   This is was

1    [sic] an inappropriate claim against the state and the federal
2    government.

3  CSLB's Opposition at 15:18-23.

4     The Court finds the arguments on this point by the CSLB
5  unpersuasive, especially in light of the Court's Partial Decision.
6  The request for sanctions against Ms. Moran is denied.

7

8  B.  <u>Attorneys' Fees and Costs are Actual Damages.</u>

9     The first substantive argument raised by Defendants is that
10 Debtor "cannot recover attorneys' fees and costs in the absence of
11 actual damages."  EDD's Opposition at 3:10-12 (citing <u>In re</u>
12 <u>Fernandez</u>, 227 B.R. 174, 179 (9th Cir. BAP 1998) and <u>In re</u>
13 <u>Hutchings</u>, 348 B.R. 847 (Bankr. N.D. Ala. 2006)).  The EDD argues
14 that since the Court found in the Partial Decision that Debtor
15 sustained "no actual damages," Debtor is not entitled to attorneys'
16 fees and costs under the "plain language" of Bankruptcy Code
17 § 362(h).

18    The Partial Decision did, in fact, find that "the Debtor has
19 failed to prove any actual damages *arising from the operation of*
20 *his business, and, therefore, shall not be awarded any damages on*
21 *that basis*."  Partial Decision at 45:15-17 (emphasis added).
22 However, the Court expressly left for further briefing at Debtor's
23 discretion, the issue of whether attorneys' fees and costs should
24 be awarded to Debtor as actual damages under Bankruptcy Code
25 § 362(h).  The concerns posed by the Partial Decision on this
26 matter were not whether such attorneys' fees and costs *could* be
27 awarded, but rather "(1) what expenses or costs results from the
28 violation and (2) what portion of those costs was reasonable, as

DECISION ON AWARD OF DEBTOR'S
ATTORNEYS' FEES AND COSTS

9

opposed to the costs that could have been mitigated." Partial

Decision at 43:16-20 (citing Roman, 283 B.R. at 12). The Partial

Decision also noted the "further potential complication" of

"whether the equities would preclude an award of attorneys' fees in

this case." Partial Decision at 43:26 - 44:1.

Cases from within the Ninth Circuit have consistently held that

attorneys' fees and costs can be awarded as actual damages under

Bankruptcy Code § 362(h) in the absence of other compensatory

damages. See In re Walsh, 219 B.R. 873, 876 (9th Cir. BAP 1998),

overruled on other grounds by Sternberg v. Johnston, -- F.3d --,

2009 WL 3128056 (9th Cir. 2009); In re Stainton, 139 B.R. 232, 235

(9th Cir. BAP 1992); In re Roberts, 175 B.R. 339 (9th Cir. BAP

1994); In re Strucka, 77 B.R. 777 (Bank. C.D. Cal. 1987); In re

Silva, 215 B.R. 73 (Bankr. D. Idaho 1997); In re Eash, 225 B.R. 489

(Bankr. D. Idaho 1998). American Law Reports summarizes the case

law on the issue of attorneys' fees and costs under § 362(h) as

follows:

> While the plain language of § 362(h) requires an award
> of actual damages, the award of actual damages is not
> automatic. Frequently a creditor's violation of the
> stay is found to be technical, as when an act is done
> after the debtor's bankruptcy filing yet before the
> creditor receives notice of the stay. In such cases,
> damages are sometimes denied, especially if a debtor's
> own conduct somehow contributed to the violation.
> Furthermore, damages are routinely denied where the
> debtor fails to adequately prove any actual damages.
>
> . . .
>
> Attorneys fees are expressly part of actual damages under
> § 362(h). Often debtors may not suffer tangible damages
> due to a creditor's violation of the stay but may have to
> resort to the bankruptcy court to vindicate their rights.
> In such cases the courts have consistently awarded
> attorney's fees to a debtor. It has been held that the

> courts do not have the discretion to artificially limit an amount of attorney's fees claimed under § 362(h) and must award all attorney's fees proved by the debtor. ...
>
> Attorney's fees have been denied in cases in which the creditor's violation of the stay was technical and any damages sustained by the debtor were minimal. Attorney's fees must be proven with specificity, and the courts have frequently denied unsupported claims for fees.

Eric C. Surette, Annotation, <u>Remedies and Damages for Violations of the Automatic Stay Provisions of the Bankruptcy Code (11 U.S.C.A. § 362(h)), by Parties Other Than the Federal Government</u>, 153 A.L.R. Fed. 463 (1999), § 2[a]. Courts have also denied attorneys' fees when the debtor "was not required to institute the section 362(h) proceeding in order to force the creditor to desist from further violating the stay, or to prevent the creditor from again violating the stay, or to undo the effects of the creditor's stay violation." <u>Hutchings</u>, 348 B.R. at 902. <u>See also</u>, <u>In re McHenry</u>, 179 B.R. 165 (9th Cir. BAP 1995), <u>In re Risner</u>, 317 B.R. 830 (Bankr. D. Idaho 2004).

Applying these principles to the case at hand, the Court finds that Defendants' violation of the automatic stay was not *de minimis*. Debtor was, in fact, required to bring this action to compel Defendants to remedy their stay violation. Therefore, under these circumstances, an award of attorneys fees and costs under Bankruptcy Code § 362(h) is presumptively appropriate, even in the absence of other compensatory damages. However, the Court must nonetheless consider whether other equitable considerations can and do override this presumption.

\\\

\\\

C.  <u>Attorneys' Fees and Costs Were Reasonable and Necessary</u>

Pursuant to the Court's instructions, Debtor has submitted a detailed accounting of the attorneys fees and costs sought in this matter.  The Court finds these fees and costs, as set forth in detail in the Moran Declaration, are entirely reasonable for the scope of the work required.  Over the more than four years this case has been pending, Debtor's counsel attended four hearings, prepared for seven case management conferences, took two depositions, defended Debtor's deposition, conducted a two-day trial and submitted post-trial briefing for which counsel is only seeking $32,261.75 in fees.  The facts also support Debtor's contention that the fees and costs were necessary to vindicate the continued violation of the stay, the existence of which the Court has previously found in the Partial Decision.

D.  <u>Attorneys' Fees Not Reduced to a Lower Statutory Billing Rate</u>

The EDD notes correctly that Bankruptcy Code § 106(a)(3), which incorporates by reference 28 U.S.C. § 2412(d)(2)(a), limits the billing rate of attorneys' fee awards against governmental units to $125 per hour.  Bankruptcy Code § 106(a)(3) imports the limitations on fees and costs from the Equal Access to Justice Act into the Bankruptcy Code.  Collier on Bankruptcy at ¶ 106.04[3] notes:

> Although that Act applies only to awards against the United States, by incorporating these provisions into section 106(a)(3), Congress made them applicable to awards under the Bankruptcy Code 'against any governmental unit.'  The legislative history of section 106 explained that 'these limitations are applicable to all governmental units, not just the Federal Government.'

2 Collier on Bankruptcy ¶ 106.04[3] (Alan N. Resnick & Henry J.

1  Sommer eds., 16th ed.)(citing 140 Cong. Rec. H10,766 (daily ed.

2  Oct. 4, 1994))(footnote omitted).

3      The caveat to the general limit of $125 per hour, however, is

4  that this rate applies "unless the court determines that an

5  increase in the cost of living or a special factor, such as the

6  limited availability of qualified attorneys for the proceedings

7  involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The

8  Moran Declaration easily provides such special factors -- this is a

9  complicated bankruptcy issue and she has 30 years of experience and

10  a specialization in the field. The blended rate for the fees

11  sought is only $244.78/hour -- a relatively modest rate for

12  bankruptcy work.

13      The Court finds that the billing rates charged by Debtor's

14  counsel are appropriate given the nature of the work and it would

15  be inequitable to reduce such fees to reflect a statutory baseline

16  rate of $125 per hour.

17

18  E.  Attorneys Fees and Costs "Incurred" by Debtor

19      Defendants' next argument is that there is no evidence that the

20  fees and costs sought were actually incurred by Debtor. The

21  argument is that since Bankruptcy Code § 362(h) limits the ability

22  to recover "costs and attorneys' fees" to the "individual injured"

23  by the stay violation, the statute requires that only the person

24  who actually paid or incurred an obligation to pay the costs and

25  attorneys' fees may recover those damages. In support of this

26  argument, the CSLB cites Hutchings, 348 B.R. 847.

27      The issue of whether attorneys' fees performed on a contingent

28  fee basis may be recovered as damages under 11 U.S.C. § 362(h) was

also presented in the case of In re Dawson, 346 B.R. 503 (Bankr. N.D. Cal. 2006). On this issue, Dawson found that Ninth Circuit case law supports an award of attorneys' fees as actual damages under Bankruptcy Code § 362(h) even if the litigant is not personally liable for them. Id. at 517 (citing Gotro v. R & B Realty Group, 69 F.3d 1485, 1488 (9th Cir. 1995). This Court agrees with Dawson on this point, and finds that a contingent fee structure does not preclude an award of attorneys fees under Bankruptcy Code § 362(h). Therefore, the Court finds without merit the CSLB's arguments that Debtor has not "incurred" the fees and costs sought.[4]

## F.  Sternberg v. Johnston

On October 1, 2009, the Ninth Circuit Court of Appeals issued a decision that substantially impacts this case -- Sternberg v. Johnston, -- F.3d --, 2009 WL 3128056 (9th Cir. Oct. 1, 2009). In Sternberg, the Ninth Circuit held that attorneys fees and costs recoverable under the current Bankruptcy Code § 362(k)(1)[5] for

---

[4] This is, of course, even assuming *arguendo* that the fee arrangement between Debtor and his counsel in the adversary proceeding is, in fact, contingent in nature, meaning counsel agreed to limit her fees and costs to those ultimately recoverable from Defendants, if any. The only limited "evidence" submitted on this issue is a statement in Debtor's Memorandum that "[t]he cost of the adversary has been borne to date by counsel." Debtor's Memorandum at 6:17.

[5] Although Sternberg interprets the current Bankruptcy Code § 362(k)(1) and not the former Bankruptcy Code § 362(h), which was in effect as of the filing of this Adversary Proceeding, the pertinent language is identical between these provisions. In addition, many of the cases cited by Sternberg were actually under the former § 362(h), which was moved to the current § 362(k)(1) by the Bankruptcy Abuse Prevention and Consumer Protection Act of

violations of the automatic stay are limited to work performed prior to the remedying of the stay violation. <u>Sternberg</u> explains:

> Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for "actual damages" under § 362(k)(1). Under the American Rule, a plaintiff cannot ordinarily recover attorney fees spent to correct a legal injury as part of his damages, even though it could be said he is not made whole as a result. <u>See</u>, <u>e.g.</u>, <u>Restatement (Second) of Torts</u> § 914(1) (1979)("The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation."). The same is true here. The context and goals of the automatic stay support this narrower understanding and it is the one we adopt.
>
> . . .
>
> We have never said the stay should aid the debtor in pursuing his creditors, even those creditors who violate the stay. The stay is a shield, not a sword. <u>See</u>, <u>e.g.</u>, <u>Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n</u>, 997 F.2d 581, 585 (9th Cir. 1993). . . .

<u>Id.</u> at *7-8.

Sternberg acknowledges that this holding is contrary to prior holdings by the Ninth Circuit Bankruptcy Appellate Panel, which allowed all attorneys' fees and costs, including those incurred in prosecution of the adversary proceeding seeking damages. <u>Id.</u> at *7 (citing <u>Walsh</u>, 219 B.R. 873 and <u>Havelock v. Taxel (In re Pace)</u>, 159 B.R. 890, 900 (9th Cir. BAP 1993)). In addition, <u>Sternberg</u> acknowledges this holding is inconsistent with the Fifth Circuit's decision in <u>Young v. Repine (In re Repine)</u>, 536 F.3d 512, 522 (5th Cir. 2008) and creates a "circuit split." <u>Id.</u> at *8.

Nevertheless, the decisions of the Ninth Circuit Court of Appeals are binding on this Court and, in light thereof, the Court

2005. In light thereof, the Court finds that <u>Sternberg</u> also applies to cases commenced under the prior Bankruptcy Code.

DECISION ON AWARD OF DEBTOR'S
ATTORNEYS' FEES AND COSTS

15

is required to deny the bulk of the attorneys' fees and costs requested by the Debtor in this case. By Debtor's counsel's own account, only $4,084.75 of the fees sought were incurred prior to and including the November 3, 2004 hearing on Debtor's request for a temporary restraining order. Although Debtor's contractor's license had been reinstated on November 1, 2004,[6] neither Debtor's counsel nor the Court were aware of this fact at the time of the November 3, 2004 hearing. The balance of the fees, totaling $28,177, was incurred after the November 3, 2004 hearing and in prosecution of the adversary proceeding seeking damages. Therefore, $28,177 of the fees sought must be denied under Sternberg and only $4,084.75 is potentially recoverable by Debtor under Bankruptcy Code § 362(h). All expenses sought were incurred well after November 3, 2004 and are, therefore, not recoverable under Sternberg.[7]

---

[6] On November 1, 2004, the CSLB was instructed by the EDD that the suspension of the Debtor's license could be lifted. Trial Exhibit I. The CSLB lifted the license suspension on November 1, 2004. On November 2, 2004, the CSLB sent a letter to the Debtor indicating his license had been reinstated effective November 1, 2004. Trial Exhibit K. Also on November 2, 2004, Staci Pugh of the CSLB telephoned the Debtor's counsel to advise her of the reinstatement and left a message. Trial Transcript, Vol. II, 52:14 - 53:1.

[7] This Court is required to follow Sternberg, but questions the policy analysis underlying that decision. This decision weakens substantially the effectiveness of the automatic stay. What good is it to be entitled to damages and attorneys' fees for a violation of the automatic stay if it costs a debtor much more in unrecoverable attorneys' fees to recover such damages and recoverable attorneys fees? In many, if not most, cases that will likely be the situation.

G.   "Unclean Hands"

     The Court is then left with the $4,084.75 in attorneys' fees
incurred by Debtor prior to and including November 3, 2004 and
Defendants' argument that Debtor should be prevented from
recovering any attorneys fees in light of Debtor's "unclean hands"
with respect to his contractor's license.  A party has unclean
hands when the party has acted in bad faith and the bad faith
actions have "immediate and necessary relation" to the equitable
remedy being sought.  <u>Keystone Driller Co. v. General Excavator</u>
<u>Co.</u>, 290 U.S. 240, 245, 54 S.Ct. 146, 147, 78 L.Ed. 293 (1933).
Defendants argue that Debtor has unclean hands because: (1) he lied
on his contractor's applications, (2) he entered into the Leal and
Tovar Contracts illegally (as discussed in more detail in the
Partial Decision), and (3) he continued to operate his installation
business without a license.[8]  Each of these factors does to some
extent support the contention that Debtor acted with unclean
hands.[9]  However, the key question -- which Defendants fail to
address in their oppositions -- is whether "unclean hands" may
preclude a recovery under Bankruptcy Code § 362(h).

     In response to Defendants' "unclean hands" argument, Debtor
argues that an award of attorneys' fees is "mandatory" upon the

_____

     [8] The Court understands Debtor's point that Debtor expected
that his license would be reinstated, but it had not been.

     [9] Defendants also argue that Debtor continues to operate
without a contractor's license at the present.  No evidence, other
than that presented at trial relating to Debtor's business
operations around the time of his bankruptcy filing, has been
appropriately submitted by Defendants in support of this
allegation.  If Debtor really is continuing to operate without a
contractor's license, Defendants have appropriate remedies under
State law for such a violation.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

DECISION ON AWARD OF DEBTOR'S
ATTORNEYS' FEES AND COSTS

1  finding of a violation of the stay.  Debtor's Memorandum at 3:1,
2  4:17-18.

3      While the Partial Decision did find that Defendants violated
4  the automatic stay by refusing to reinstate Debtor's contractor's
5  license post-petition, the Partial Decision also expressly did not
6  reach the issue of "unclean hands" -- which the Partial Decision
7  left for future consideration in the event that Debtor chose to
8  further pursue his claim for attorneys fees and costs.  Partial
9  Decision at 43:26 - 44:27.

10      Debtor next argues there is no requirement, under Bankruptcy
11  Code § 362(h), that a debtor have led a "blameless life pre-
12  petition" and that in virtually every § 362(h) action there are
13  "disputes between the debtor and the creditor" prior to the alleged
14  stay violation.  Debtor's Memorandum, 3:9-14.  Finally, Debtor
15  notes: "to hold that the creditor may ignore the stay without cost
16  if it has some claims, even a rightful claim, against the debtor on
17  some unrelated issue would cripple the stay, invite its disregard,
18  and embroil the court in adjudicating issues unrelated to the scope
19  and the enforceability of the injunction."  Debtor's Memorandum at
20  3:24-28.  While the policy arguments advanced by Debtor may be
21  compelling in many, perhaps most, situations, they do not control
22  here.  First, the Court does not accept Debtor's proposition that
23  his unclean hands are "unrelated" to the current action.  To
24  contrary, the Court finds that Debtor's unclean hands strike at the
25  very heart of the basis for this adversary proceeding -- Debtor's
26  right to have his contractor's license.

27      The equitable doctrine of "unclean hands" may be considered by
28  a court in evaluating requests for attorneys fees and costs under

Bankruptcy Code § 362(h). <u>In re Gustafson</u>, 111 B.R. 282, 288 (9th Cir. BAP 1990), <u>rev'd on other grounds</u>, 934 F.2d 216 (9th Cir. 1991). However, as noted in <u>In re Cinematronics, Inc.</u>, 111 B.R. 892 (Bankr. S.D. Cal. 1990):

> [E]quitable principles may, in some circumstances, be applicable to a claimed violation of stay. However, the existing case law indicates that there must be compelling equitable considerations which outweigh the court's need for enforcement of an orderly administration of the bankruptcy estate. Such determination must be made on a case by case basis to insure that there is no suffocation of the stay's intended policy. Nor must this court allow "an ad hoc equitable exception to swallow a well-established legal rule". <u>In re Smith</u>, 86 B.R. 92, 96 (W.D. Mich. 1988). The court must find that equitable considerations weigh heavily in favor of the defendants and that the trustee bears some responsibility for creating the problems before specifically balancing the equities of the case.

<u>Cinematronics</u>, 111 B.R. at 901. In both <u>Gustafson</u> and <u>Cinematronics</u> the courts found that the alleged "unclean hands" did not substantially outweigh the policy concerns for enforcing the automatic stay under the facts presented by those cases.

The facts presented here, however, are different from those of <u>Gustafson</u> and <u>Cinematronics</u>. Here, Debtor seeks an award of attorneys fees as damages for violations of Debtor's rights under a contractor's license that Debtor obtained through false representations. As Defendants have previously noted, everyone, except Debtor, was surprised to learn at trial that Debtor had lied on his application for a contractor's license. The CSLB indicated it now has new procedures in place to discover these types of misrepresentations regarding criminal histories. However, these misrepresentations slipped through before the implementation of such protective measures and the CSLB did not learn of them until the trial before this Court. The only person who *did* know about

1  the past misrepresentations was Debtor.  This Court will not

2  compensate Debtor for attorneys' fees in recovering his license

3  when Debtor knew he had procured that license by lying on the

4  license application in the first place.[10]

5     The Court is sympathetic to Debtor's counsel, who has borne the

6  costs of this adversary proceeding and has conducted herself in an

7  entirely reasonable manner.  However, the fact remains that any

8  award of attorneys fees under Bankruptcy Code § 362(h), the sole

9  basis alleged by Debtor and his counsel, is an award of damages to

10 Debtor.  While there is no reason to believe that Debtor's counsel

11 knew of Debtor's false representations to the CSLB regarding his

12 criminal record, *Debtor* certainly did know of them and still chose

13 to pursue sanctions against Defendants for failing to reinstate his

14 contractor's license.

15    Although Defendants' actions in failing to reinstate the

16 contractor's license in a timely manner were in error -- and under

17 any other factual circumstances would very likely have resulted in

18 an award of attorneys' fees and costs -- the Court finds it would

19 be inequitable to allow <u>this</u> Debtor to recover attorneys' fees as

20 damages under the unusual circumstances of this case.  The Court

21 finds that Debtor's unclean hands with respect to his knowing

22 misrepresentations to the CSLB, with respect to the very license at

23 issue here, outweigh the strong policy considerations in favor of

24 awarding damages for violations of the automatic stay under the

25

26    [10] The Court understands that this decision could encourage
defendants to engage in fishing expeditions to discover "dirt" that
27 conceivably might be used to show that a debtor engaged in unclean
hands.  However, that is not what happened here.  Courts will need
28 to protect debtors against such fishing expeditions in ruling on
discovery disputes, etc.

DECISION ON AWARD OF DEBTOR'S
ATTORNEYS' FEES AND COSTS

facts of this case.  The Court does not have before it the question

whether, or in what circumstances, State agencies should be allowed

to refuse to award a contractor's license because of an applicant's

prior criminal record -- where that person has "paid his debt to

society."  For these reasons, the Court denies Debtor's request for

attorneys fees and costs.

Having found that "unclean hands" preclude an award of

attorneys fees and costs in this case, the Court need not address

the remaining issue presented -- namely, the allocation of an award

between Defendants.

IV.

CONCLUSION

For the above-stated reasons:

1.    The request for sanctions against Debtor's counsel

Cathleen Cooper Moran is denied;

2.    Debtor's request, under Bankruptcy Code § 362(h), for

attorneys fees and costs incurred after November 3, 2004 is denied

in accordance with Sternberg v. Johnston, -- F.3d --, 2009 WL

3128056 (9th Cir. 2009); and

3.    Debtor's request for attorneys fees incurred prior to

November 3, 2004, when Debtor's counsel did or should have become

aware of Defendants' remedy of the stay violation, is denied in

light of Debtor's "unclean hands" with respect to the

representations made by Debtor to the CSLB to obtain and maintain

//

//

//

1   his contractor's license and Debtor's knowledge of these critical

2   misrepresentations when he nonetheless sought the post-petition

3   reinstatement of his contractor's license.

4       The Court shall issue an order so-providing.

5

6   Dated: 10/15/09

7

8                                    _Arthur S. Weissbrodt_

9                                    ARTHUR S. WEISSBRODT
                                     UNITED STATES BANKRUPTCY JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECISION ON AWARD OF DEBTOR'S
ATTORNEY'S FEES AND COSTS                              22

1  <u>Court Service List</u>

2  Frank Bertuccio
   650 Castro St. Ste 120-349
3  Mountain View, CA 94041

4  Cathleen Cooper Moran, Esq.
   Moran Law Group
5  1674 N Shoreline Blvd. #140
   Mountain View, CA 94041-1375

6

7  Maretta D. Ward, Esq.
   Deputy Attorney General
   California Department of Justice
8  455 Golden Gate #11000
   San Francisco, CA 94102

9

   Marguerite C. Stricklin, Esq.
10 Deputy Attorney General
   Office of the Attorney General
11 P.O. Box 70550
   Oakland, CA 94612-0550

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECISION ON AWARD OF DEBTOR'S
ATTORNEY'S FEES AND COSTS

23